842 F.2d 1291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HOWARD COUNTY, MARYLAND, a body corporate and politic,
Plaintiff-Appellant,
v.
SENTRY INSURANCE COMPANY, Defendant-Appellee
and
Glens Falls Insurance Company, Defendant.
 No. 86-3166.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1987.
Decided March 9, 1988.
 
 John E. Sandbower, III (C. James Sfekas; Sandbower, Gabler & O'Shaughnessy, P.A.; Timothy E. Welsh; Carol B. O'Keeffe; Howard County Office of Law, on brief), for appellant.
 Mark Carew Treanor (Boutin & Treanor, P.A., on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, WIDENER, Circuit Judge and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Howard County brought this action against Sentry Insurance Company on a faithful performance blanket bond to recover losses from an embezzlement in which two of Howard County's employees were participants. The bond contained a provision cancelling its coverage respecting any employee upon discovery by the employer that that employee had committed any act which would constitute a liability of the surety under the bond's insuring agreement. Because one of the participants in the embezzlement had been strongly suspected of thefts of petty cash long before the effective date of this bond, the district court held that the bond afforded no coverage with respect to the acts of that employee, and granted summary judgment in favor of Sentry. We conclude that the district court misconstrued the cancellation clause and reverse the judgment in favor of the surety.
 
 
 2
 Sentry's bond had an effective date of July 1, 1981. Under the Insuring Agreement, Sentry agreed to reimburse Howard County for losses "caused to the Insured through the failure of the Employees ... to perform faithfully his duties or to account properly for all monies and property received ... during the Bond Period." [Emphasis added].
 
 
 3
 Angenette Norton, a cashier in the Howard County Office of Finance, kept a $2,000 petty cash fund. In August of 1978, a shortage of $1,021.53 in that fund was discovered. The cause of the loss was never determined with certainty. There was speculation that receipts for the missing funds had been lost or misplaced, but theft by Norton was not ruled out, and the County required Norton to make restitution for the missing monies.
 
 
 4
 Earsheen Jackson was the personal property tax clerk for Howard County. In late 1979, she devised a scheme for the embezzlement of real property taxes collected by the County. In 1980, Jackson recruited Norton, who was still employed by the County as a cashier, to assist in the scheme's execution. The two of them then practiced the embezzlement scheme until Norton left the County's employment in 1983.
 
 
 5
 Jackson continued to embezzle funds until January 1984, and later that year an embezzlement loss of $277,280 was discovered.
 
 
 6
 Sentry offered to indemnify the County for embezzlements attributable to Jackson's acts, but refused reimbursement of that portion of the loss attributable to Norton's acts. It was Sentry's contention that the bond provided no coverage for any theft or embezzlement by Norton.
 
 
 7
 The bond's coverage terminates as to any employee upon the discovery by Howard County of an act on the part of that employee that "would constitute a liability of the surety under the applicable Insuring Agreement covering such Employee." Under the Insuring Agreement, the surety is liable only for losses caused to the insured through the failure of an employee to properly account for money or property received "during the Bond Period."
 
 
 8
 If we assume that Norton stole the money from the petty cash fund in 1978, that theft could have imposed no liability upon Sentry. Under the plain terms of Sentry's bond, it was responsible only for failure of faithful performance occurring during the period of the bond, which commenced only on July 1, 1981. Whatever Norton did in 1978 could not have been the basis for any claim by Howard County against the surety on this bond, for the effective date of the bond period began only three years after discovery of the missing cash from the petty cash fund. Norton was a covered employee under the Insuring Agreement of this bond, for the cancellation clause was not applicable to her.
 
 
 9
 The district court considered and relied upon an affidavit by Sentry's fidelity and surety claims manager in which he stated that the "accepted meaning" of the cancellation provision was to exclude employees who had committed a prohibited act before the bond's effective date. If the bond's provisions were ambiguous, such extrinsic evidence would be admissible, see Pacific Indemnity Co. v. Interstate Fire & Casualty Co., 488 A.2d 486, 489 (Md.1985), but we find no ambiguity in the provisions of this bond. The statement of Sentry's official was inadmissible and at variance with the plain terms of this bond.
 
 
 10
 The district court proceeded to consider the consequences of the joint participation by the covered employee, Jackson, and the non-covered employee, Norton. We need not address that question in light of our conclusion that Norton was a fully covered employee, just as was Jackson.
 
 
 11
 The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.
 
 
 12
 REVERSED AND REMANDED.